**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES BELL MCCOY, SR., 1299701, | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-405-K |
| | ) | |
| RICK THALER, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|       Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow.

**I.**      **Procedural Background**

Petitioner challenges his conviction for aggravated sexual assault of a child.  *State of*

*Texas v. James Bell McCoy*, No. F-02021185-KV.  He was sentenced to thirty-five years

confinement.  On August 13, 2007, the Fifth District Court of appeals affirmed the conviction

and sentence.  *McCoy v. State*, No. 05-05-00458-CR (Tex. App. – Dallas 2007) (unpublished).

Petitioner did not file a petition for discretionary review.

On November 15, 2007, Petitioner filed a state petition for writ of habeas corpus.  *Ex*

*parte McCoy*, No. 69,810-04.  On October 29, 2008, the Court of Criminal Appeals denied the

petition on the findings of the trial court.

On February 24, 2009, Petitioner filed the instant § 2254 petition.  He argues:

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

(1)     his prosecution was barred by the statute of limitations and the Ex Post Facto

        Clause;

(2)     the indictment was invalid/defective;

(3)     he received ineffective assistance of trial and appellate counsel;

(4)     his right to a speedy trial was violated; and

(5)     he did not receive a copy of the indictment.

**II.     Discussion**

**1.     Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant
        to the judgment of a state court shall not be granted with respect to any claim that
        was adjudicated on the merits in State court proceedings unless the adjudication
        of the claim –

        (1)     resulted in a decision that was contrary to, or involved an unreasonable
                application of, clearly established Federal law, as determined by the
                Supreme Court of the United States; or
        (2)     resulted in a decision that was based on an unreasonable determination of
                the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ

of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*,

529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may

grant a writ of habeas corpus if the state court identifies the correct governing legal principle

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id.*

2.      **Ex Post Facto**

Petitioner argues he was not indicted until a year and a half after the limitations period expired. Respondent argues Petitioner waived this claim when he pled guilty.  When a defendant pleads guilty, he "waives all non-jurisdictional defects preceding the plea."  *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993).

Petitioner's claim also fails on the merits.  Where the limitations period is extended prior to the expiration of the original limitations period, there is no ex post facto violation.  *See Stogner v. California*, 539 U.S. 607, 618 (2003); *United States v. Couch*, 12 F.3d 207, 1993 WL 529723 at *4 (5th Cir. 1993).  In this case, the offense was committed on or about May 1, 1991. At that time, the limitations period for aggravated sexual assault of a child was ten years.  *See* Act of June 18, 1987, 70th Leg., R.S., ch. 716, § 1, 1987 Tex. Gen. Laws 2591, effective September 1, 1987.  On September 1, 1997, the limitations period was changed to begin on the eighteenth birthday of the victim.  *See* Act of June 17, 1997, 75th Leg., R.S., ch. 740, § 1, 1997 Tex. Gen. Laws 2403.  The limitations period was therefore changed prior to the expiration of ten years.  Petitioner's claim is without merit and should be denied.

3.      **Indictment**

Petitioner argues the indictment lacked the required specificity, that the state unlawfully amended the indictment during trial, and that there was a fatal variance between the indictment and the proof at trial.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

Petitioner raised these claim on state habeas review. The Court of Criminal Appeals denied the claims. Where the question of sufficiency of the indictment is presented to the highest state court of appeals, then the issue is foreclosed in federal habeas proceedings. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009) (citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)). These claims should therefore be denied.

**4.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

Petitioner argues his counsel was ineffective because counsel: (1) failed to challenge the grand jury array; (2) failed to challenge the prosecution as being brought in bad faith; (3) failed to have the trial court rule on *pro se* motions; (4) failed to perform a pre-trial investigation; (5) failed to object to the indictment; (6) failed to get Petitioner's bond reduced; (7) failed to provide Petitioner a copy of the indictment; (8) failed to obtain favorable evidence in possession of the state; (9) failed to seek a speedy trial; (10) failed to file a speedy trial motion; (11) failed to adequately consult with Petitioner; (12) failed to obtain favorable witnesses; (13) failed to object to the prosecutor's statements regarding limitations; (14) failed to present limitations as a defense; (15) failed to request a jury instruction on limitations; (16) failed to present intoxication as a defense; (17) failed to file motions to suppress; (18) failed to impeach the state's witnesses; (19) failed to object to extraneous offense evidence; (20) failed to explore whether the minor victims were coached; (21) failed to ask questions of various witnesses; (22) failed to object to expert testimony; (23) failed to object to the prosecutor's statement regarding possible flight; (24) failed to object to improper admonishments at the time of the plea; (25) promised Petitioner a minimal sentence and coerced him into pleading guilty; (26) failed to obtain character witnesses for sentencing; and (27) failed to submit a brief with the motion for new trial.

When a defendant pleads guilty, he "waives all non-jurisdictional defects preceding the plea." *Owens*, 996 F.2d at 60.  Petitioner's guilty plea therefore waived claims number one through twenty-three because they occurred prior to Petitioner's guilty plea and do not relate to the voluntariness of the plea.

    **(A)      Improper Admonishment**

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

Petitioner argues he received ineffective assistance of counsel when his counsel failed to object that the trial court improperly admonished him by failing to inform him that he would be required to register as a sex offender.  Petitioner raised this claim on direct appeal.  Under Texas law, the trial court is required to admonish the defendant of his duty to register as a sex offender. TEX. CODE CRIM. PROC. Art. 26.13(a)(5).  A failure to provide the admonishment is subject to a harmless error analysis.  *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006) (en banc).  In conducting this analysis, the court considers the record as a whole to determine whether there is a fair assurance that the decision to plead guilty would not have changed had the trial court admonished Petitioner.  *Id.* at 919.

In this case, the appellate court found that after the state presented its case, Petitioner decided to plead guilty.  Petitioner admitted his guilt and stated he did not want to say his daughter was lying about the sexual assault because he knew she was telling the truth.  (*McCoy v. State*, No. 05-05-00458-CR at 4.)  Petitioner also stated he wanted to plead guilty so that he could try to repair his relationship with his children.  (*Id.*)  The court determined that an admonishment regarding the sex offender registration would not have changed Petitioner's decision to enter a guilty plea.  (*Id.* at 5.)  Petitioner has failed to show the state court's decision was unreasonable.  He has therefore failed to show that he suffered the required *Strickland* prejudice.

**(B)     Guilty Plea**

Petitioner argues he received ineffective assistance of counsel that rendered his guilty plea involuntary.  He states his counsel coerced him into pleading guilty and that counsel promised he would receive a minimal sentence if he pled guilty.  On state habeas review, defense

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

counsel submitted an affidavit responding to these claims.  Defense counsel stated he did not

promise Petitioner a minimal sentence and did not talk him into providing a false confession.

(*Ex parte McCoy*, No. 69,810-04 at 277.)  Petitioner has submitted no evidence that his counsel

promised him a minimal sentence.  Additionally, there is no evidence Petitioner was coerced into

pleading guilty.

Prisoners challenging their guilty pleas on collateral review must overcome a "strong

presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v.*

*Allison*, 431 U.S. 63, 73-74 (1977).   In this case, Petitioner testified at trial that he understood

the charges against him and the range of punishment.  (Trial Tr. Vol. 4 at 7-9.)  He stated no one

threatened him or promised him anything in exchange for his guilty plea.  (*Id*. at 9.)  Petitioner

has failed to show that his guilty plea was involuntary or that his counsel was ineffective.

(**C**)     **Character Witnesses**

Petitioner states his counsel was ineffective because he failed to call any character

witnesses during the punishment phase.  On state habeas review, defense counsel submitted an

affidavit stating that Petitioner failed to provide him with the names of any witnesses who would

testify on his behalf.  (*Ex parte McCoy*, No. 69,810-04 at 278.)  Petitioner submits no evidence

that any witness would have testified favorably for the defense during punishment.  *See*

*Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite

*Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see*

*also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical

testimony will not justify the issuance of a writ . . . .").  This claim should be denied.

(**D**)     **Motion for New Trial**

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

Petitioner argues his counsel was ineffective because he failed to submit a brief with the motion for new trial.  Petitioner, however, has failed to identify any meritorious claims for new trial.  His claim is therefore without merit and should be denied.

**(E)      Appellate Counsel**

Petitioner argues his appellate counsel was ineffective because he failed to raise the claims Petitioner raises in his habeas petition.  As discussed above, however, Petitioner has failed to raise a meritorious claim challenging his conviction or sentence.  His appellate counsel was not required to file frivolous claims.    *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).  This claim should be denied.

**5.      Speedy Trial**

Petitioner argues his right to a speedy trial was violated.  Petitioner's guilty plea, however, waived this claim.  *Owens*, 996 F.2d at 60 (5th Cir. 1993).  This claim should be denied.

**6.      Indictment**

Petitioner argues his conviction was unlawful because he was never served with a copy of the indictment.  He states he was therefore never properly notified of the charges against him. Petitioner, however, stated in open court that he understood the charges against him and the range of punishment.  (Trial Tr. Vol. 4 at 6-8.)  Defense counsel also submitted an affidavit on state habeas review stating that it is his practice to provide his clients with a copy of the indictment and he believes he did so in this case.  (*Ex parte McCoy*, No. 69,810-04 at 275.) Petitioner has failed to show that the state court's denial of this claim was unreasonable.

**7.      Summary**

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 8**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 14th day of September, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 9**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).